UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALEX GARCIA and ANDY WILKERSON, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>MOOREHEAD COMMUNICATIONS, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CAUSE NO.: 1:12-CV-208-JD<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION and ORDER**

Now before the Court is Plaintiffs' Motion to Certify Collective Action [DE 18], to which Defendant filed a Brief in Opposition [DE 21] and Plaintiffs filed their Reply [DE 24]. For the foregoing reasons, Plaintiffs' Motion to Certify Collective Action [DE 18] is CONDITIONALLY GRANTED.

**I.  BACKGROUND**

Plaintiffs Alex Garcia ("Garcia") and Andy Wilkerson ("Wilkerson"), on behalf of themselves and others similarly situated (collectively "Plaintiffs"), filed their Complaint on June 22, 2012 [DE 1]. The Complaint alleges that Garcia's former employer and Wilkerson's current employer, Defendant Moorehead Communications, Inc. ("Moorehead"), violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiffs overtime wages earned by them [DE 1 at 5]. Claiming multiple defenses, Moorehead filed its Answer on August 20, 2012 [DE 16].

The relevant facts indicate that Moorehead is a retailer of DISH Network products and services that is based in Marion, Indiana [DE 21-1 ¶ 3]. Garcia worked as a Satellite Installer Technician ("Technician") for Moorehead beginning in December 2004 [DE 1 at 2; DE 19 at 2].

1

Garcia's primary duty as a Technician was to install satellite and related equipment for customers of Moorehead [DE 1 at 2; DE 19-3 at 1]. Wilkerson was then hired by Moorehead in September 2007 and held positions as a Technician and Field Service Manager ("FSM") [DE 19 at 2; DE 19-4 at 1]. Wilkerson maintains that as an FSM, his primary duty was to install satellite and related equipment for Moorehead's customers—similar to a Technician [DE 19-4 at 1]. However, as an FSM, Wilkerson had additional duties which included the need to train, direct, and oversee the Technicians, as well as attend weekly meetings with management [DE 19-4 at 1-2; DE 21-1 ¶ 8]. As an FSM, he received an additional one hundred dollars per week premium pay for the work. *Id*.

Both Garcia and Wilkerson maintain they and other similarly situated Technicians and FSMs employed by Moorehead are paid pursuant to Moorehead's common pay policy which indicates that employees are paid on a piecework basis [DE 1 at 2-3; DE 16 at 3-5; DE 19-4 at 2; DE 19-5 at 1; DE 19-6 at 1], and are not paid for all hours worked beyond forty hours per week [DE 1 at 4-5; DE 16 at 5]. Plaintiffs also assert that travel time is an integral part of their job and on occasion Plaintiffs traveled to work sites only to have the job cancelled, for which they were not subsequently compensated for their time [DE 1 at 3-5; DE 16 at 6]. Thus, Plaintiffs allege that Moorehead's policy of paying on a piecework basis without including overtime pay is contrary to the commands of the FLSA[1] [DE 1]. *See* 29 U.S.C. § 201 *et seq*.

---

[1]When an employee is paid on a piece-rate basis:
> [t]he regular hourly rate of pay is computed by adding together total earnings for the workweek from piece rates and all other sources (such as production bonuses) and any sums paid for waiting time or other hours worked (except statutory exclusions). This sum is then divided by the number of hours worked in the week for which such compensation was paid, to yield the pieceworker's "regular rate" for that week. For overtime work the pieceworker is entitled to be paid, in addition to the total weekly earnings at this regular rate for all hours worked, a

In response, Moorehead admits that for purposes of the FLSA Plaintiffs are "employees" of Moorehead and Moorehead is an "employer," it acknowledges that Moorehead employed other Technicians and FSMs during the relevant time period who were similarly paid on a piecework basis, and Moorehead concedes that while Plaintiffs were paid on a piecework basis they were not paid overtime compensation for all hours worked beyond forty hours per week [DE 16 at 2-5].

In support of their FLSA claim, Garcia and Wilkerson have submitted their own declarations and the declarations of two other employees who work as Technicians and FSMs for Moorehead [DE 19-3; DE 19-4; DE 19-5; DE 19-6]. According to the declarations, all of these employees work over forty hours a week, are paid by Moorehead on a piecework basis, and have not been compensated with overtime pay for hours worked beyond forty per week, including time spent traveling to work sites. *Id*. Garcia and Wilkerson affirm that they have personally observed and talked with other Technicians and FSMs who have experienced the same circumstances [DE 19-3 at 2-3; DE 19-4 at 2-4]. Garcia and Wilkerson indicate that they have complained multiple times about not receiving overtime pay [DE 19-3 at 3-4; DE 19-4 at 5].

Based on this information, Plaintiffs request that the Court conditionally certify their claim as a collective action [DE 18, 19], and seek an order directing Moorehead to produce a list of current and former Technicians and FSMs for the proceeding three years, including their names, job titles, home address, email addresses, telephone numbers, and dates of employment [DE 19 at 2].

---

sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week.
29 C.F.R. § 778.111(a).

In response, Moorehead contends that: (1) Plaintiffs' proposed class definition is overly broad; (2) Plaintiffs failed to provide sufficient evidence to warrant conditional certification; (3) resolving Plaintiffs' allegations would require individualized inquiries by the Court and therefore certification is improper; and (4) should the Court grant conditional certification the mailing addresses of putative collective action members should suffice [DE 21]. The Court considers each of these arguments below.

## II. DISCUSSION

The FLSA requires employers to pay overtime of at least one and one-half times an employee's regular rate of pay. 29 U.S.C. § 207(a)(1). Under 29 U.S.C. § 216(b), an employee may bring an action to recover unpaid overtime compensation on "behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). This is known as a "collective action." *Harkins v. Riverboat Services, Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004). However, no current or former aggrieved employee may be a party plaintiff to a collective action "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

Collective actions brought under the FLSA are fundamentally different than class actions under Federal Rule of Civil Procedure 23. *See Biddings v. Lake County*, No. 2:09-cv-38-PRC, 2009 WL 2175584, at *2 (N.D. Ind. July 15, 2009). Plaintiffs in a collective action must "opt-in" to the action to be bound by a judgment while plaintiffs in a Rule 23 class action must "opt-out." *See id.* (citing *King v. Gen. Elec. Co.*, 960 F.2d 617, 621 (7th Cir. 1992); *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982)). Because of the "opt-in" requirement, a representative plaintiff in a collective action must be able to inform other individuals who may

have similar claims that they may join his lawsuit. *See Biddings*, 2009 WL 2175584, at *2 (citing *Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601, 605 (W.D. Wis. 2006)).

Section 216(b) does not explicitly provide for court-ordered notice. 29 U.S.C. § 216(b). However, in appropriate cases, district courts have the discretion to implement § 216(b) by facilitating notice to potential plaintiffs. *Hoffmann-LaRoche, Inc. v. Sperling,* 493 U.S. 165, 169-70 (1989).  In fact, "trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, [and therefore] it lies within the discretion of the court to begin its involvement early, at the point of the initial notice, rather than at some later time." *Id.* at 171.  Such court-authorized notice serves the broad, remedial purpose of the FLSA and is in line with the court's interest in managing its docket, so long as the court takes care to avoid the appearance of judicial endorsement of the merits of the action. *Id*. at 172-74.

Not only is the FLSA without instructions as to when courts should exercise their discretion and authorize notice to potential plaintiffs, it also does not define the term "similarly situated." *Biddings*, 2009 WL 2175584, at *2.  Nevertheless, a majority of federal courts have adopted a two-step approach whereby the first step requires a plaintiff to make a modest factual showing that he and the other employees to whom notice is to be sent were victims of a common policy or plan that violated the law—in other words, plaintiff is to demonstrate a factual nexus that binds potential members of a collective action together. *Id.*; *see Mielke v. Laidlaw Transit, Inc.*, 313 F.Supp.2d 759, 762 (N.D. Ill. 2004); *Flores v. Lifeway Foods, Inc.*, 289 F.Supp.2d 1042, 1045 (N.D. Ill. 2003); *see also Mares v. Caesars Entm't, Inc.*, No. 4:06-cv-60-JDT-WGH, 2007 WL 118877, at *2-3 (S.D. Ind. Jan. 10, 2007); *Sipas v. Sammy's Fishbox, Inc.*, No. 05 Civ. 10319(PAC), 2006 WL 1084556, at *2 (S.D.N.Y. Apr. 24, 2006); *Kreher v. City of Atlanta,* No.

1:04-CV-2651-WSD, 2006 WL 739572, at *2 (N.D. Ga. Mar. 20, 2006).  The second step of the analysis occurs at the close of discovery when the defendant can move to dismiss the "opt-in" plaintiffs in light of the record developed during discovery. *Biddings*, 2009 WL 2175584, at *3.

A.     **The proposed collective class definition is not overly broad**

A proposed FLSA collective class can be overly broad. *See e.g., Moss v. Putnam Cnty. Hosp*. No. 2:10-cv-00028-JMS-WGH, 2010 WL 2985301, at *2 (S.D. Ind. July 21, 2010) (limiting the proposed collective class to include only those plaintiffs compensated under the relevant overtime policy).  Yet it is important to keep in mind that certification of a collective class is less demanding than certification of a class action under Rule 23, and does not require, "that the named representative's claims have the same essential characteristics as a class at large to achieve the initial certification." *Swarthout v. Ryla Teleservices, Inc.,* No. 4:11-CV-21-RLM, 2011 WL 6152347, at *5 (N.D. Ind. Dec. 12, 2011) (citing *Brickel v. Bradford-Scott Data Corp.,* No. 1:09-cv-58-JVB, 2010 WL 145348, at *1 (N.D. Ind. Jan. 11, 2010)). Plaintiffs need only provide the minimal showing that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA in order to justify notice at this stage of the proceedings. *See Boyd v. Jupiter Aluminum Corp.* No. 2:05-CV-227-PPS-APR, 2006 WL 1518987, at * 5 (N.D. Ind. May 31, 2006).

Moorehead argues Plaintiffs' proposed class is overly broad because it includes (1) trainees who were actually paid overtime; (2) employees who worked after Moorehead revised its pay structure on August 25, 2012 (just two months after this lawsuit was filed); and (3) both FSMs and Technicians [DE 21 at 5-7].  In response, Plaintiffs clarified that they were not seeking to include in their collective action any trainees, nor were Plaintiffs including

6

Technicians and FSMs beyond August 25, 2012 [DE 24 at 2-3]. Given Plaintiffs' concessions, the Court need only consider the remaining contested issue, that is, whether the collective class may include both Technicians and FSMs.

In support of its position, Moorehead relies on two cases, *Ellerd* and *White*, wherein the district courts did not allow for certification of the proposed classes because they included both supervisors and their supervisees [DE 21 at 7]. *See Ellerd v. Cnty. of Los Angeles*, No. CV 08-4289 CAS (FFMx), 2009 WL 982077, at *5 (C.D. Cal. Apr. 9, 2009) (refusing to certify proposed class of social workers and their supervisors because an inherent conflict existed between the parties where the social workers would have to prove that their supervisors violated federal law by telling the social workers not to record their overtime); *White v. Osmose, Inc*., 204 F.Supp.2d 1309, 1314-1315 (M.D. Ala. 2002) (refusing to certify proposed class because foremen and crewmen had dissimilar job duties and there was an inherent conflict between them because foremen were responsible for reporting the correct number of hours worked by crewmen and foremen received bonuses for efficiency). Given the obvious factual differences in *Ellerd* and *White*, the Court finds Moorehead's argument unpersuasive.

Unlike *Ellerd* and *White*, there is no indication at this point that the success of the Technicians' claims will rest on their ability to prove that FSMs acted illegally. In other words, based on the Plaintiffs' declarations and submissions made in support of certification, FSMs were not responsible for the number of hours worked by Technicians, for approving or reporting the number of hours worked by the Technicians, or for pressuring Technicians to under-report the hours actually worked. Further, FSMs had no incentive to encourage Technicians to under-report their hours, since Moorehead was not paying overtime rates to either Technicians or FSMs. Plaintiffs have affirmed that FSMs are not at risk of being held individually liable for

violations of the FLSA [DE 24 at 5], but instead, allege that FSMs and Technicians are equal victims of Moorehead's pay policies and procedures which did not include payment for overtime. Not only is there no apparent competing interest between Technicians and FSMs, but both Technicians and FSMs performed similar duties involving the installation of satellite and related equipment. And although the FSMs have additional supervisory roles, these duties do not relate to the reporting, approval, or payment of Technician overtime hours. Because *Ellerd* and *White* are readily distinguishable from the present case and no apparent conflict exists between FSMs and Technicians, the Court finds that the proposed class is not overly broad. Accordingly, the proposed collective class is appropriately defined to include Technicians and FSMs who worked within the statute of limitations until August 25, 2012, excluding any trainees.

**B.      There is sufficient evidence to warrant conditional certification**

Though lenient, the "modest factual showing" standard is not a mere formality. *Biddings*, 2009 WL 2175584, at *3 (citing *Flores*, 289 F.Supp.2d at 1045-46) (evidence of defendant's payment practice concerning two out of fifty employees *without more* did not provide modest factual showing that the employer had a common policy or plan to violate the FLSA) (emphasis added). Unless the defendant admits that other similarly situated employees exist, a plaintiff cannot rely on allegations alone to make the required "modest factual showing." *Id*. (citation omitted). The requisite showing may be accomplished by providing an affidavit, declaration, or other support beyond mere allegations in order to make a minimal showing of other similarly situated employees subjected to a common policy. *Id.*

In *Biddings*, the plaintiff maintained that the county's policy requiring correctional officers to attend unpaid roll call meetings fifteen minutes before their shift violated the Fair

Labor Standards Act. *Biddings*, 2009 WL 2175584 at *3. In support of this claim, the plaintiff submitted declarations of only himself and one other party. *Id.* The plaintiff relied on the Defendant's "roll call" policy and statements made by other correctional officers to validate his claim that overtime was not paid to other correctional officers for the extra time that they worked. *Id.*

The court in *Biddings* held that the plaintiff had made a modest factual showing, and that the statements of two correctional officers were sufficient to conditionally certify the collective action. *Id.* Further, the court addressed the potential hearsay issue. In a lengthy footnote, the *Biddings* Court noted:

> Although comments made by other Corrections Officers may be considered hearsay, courts are split on whether it is appropriate to consider inadmissible evidence at this stage of the proceedings. *Howard v. Securitas Security Services, USA Inc.*, No. 08 C 2746, 2009 WL 140126 *3 (N.D. Ill. Jan. 20, 2009). However, several courts in this Circuit have held that a representative plaintiff at the initial certification stage may rely on hearsay. *See id.* (finding that plaintiffs need not set forth evidence that would be admissible at trial in support of a preliminary § 216(b) motion); *Molina v. First Line Solutions*, 566 F.Supp.2d 770, 789 n.20 (N.D. Ill. 2007) (noting that testimony that is hearsay may be considered in deciding whether to permit a collective action); *Coan v. Nightingale Home Healthcare, Inc.*, No. 1:05-CV-0101-DFH-TAB, 2005 WL 1799454 *1 n.1 (S.D. Ind. June 29, 2005) (providing that "[a]t this preliminary stage and for these preliminary purposes, plaintiffs need not come forward with evidence in a form admissible at trial"). Accordingly, the Court concludes that even if these statements constitute hearsay, they are of proper use at this stage of the proceedings.

*Id.* at n. 3. Thus, because the conditional certification stage occurs early in the case, the evidence need not be admissible at trial in order for the plaintiff to meet the low threshold requirement, and the Court need not reach the merits of the FLSA claims at this time. *Id.*; *see Wiyakaska v. Ross Gage, Inc.*, No. 1:10-cv-01664-LJM-DKL, 2011 WL 4537010, *3 (S.D. Ind. Sept. 28, 2011) (listing cases and noting circuit split among district courts as to whether hearsay

statements may be considered at the certification stage of the FLSA collective action); *see also Fox v. Martin Transp. Sys., Inc.*, No. 1:08-CV-305-RLM, 2009 WL 3416021, at *1 (N.D. Ind. Oct. 19, 2009); *Fravel v. County of Lake*, No. 2:07-CV-253-APR, 2008 WL 2704744, *2 (N.D. Ind. July 7, 2008).

Therefore, while portions of Garcia and Wilkerson's declarations provide hearsay evidence (purported declarations by other Technicians and FSMs offered for their truth), the Court will consider the hearsay statements with due caution as to their persuasiveness given their hearsay nature. Notably, the Court will also consider the portions of the Plaintiffs' declarations which concern observations or conclusions made on personal knowledge which would not constitute hearsay. In fact, these non-hearsay declarations alone are sufficient to support the Court's findings that similarly situated employees were subject to Moorehead's common plan to violate the FLSA and that conditionally certifying the class is appropriate in this case, as indicated below.

At this stage, Garcia and Wilkerson have provided more than just conclusory allegations, or "unreliable declarations" as Moorehead would characterize it [DE 21 at 8]. Instead, Garcia and Wilkerson have attached not only their own declarations, but they have provided two additional declarations from Technicians/FSMs, Wayne Douglas ("Douglas") and Robert Coffelt ("Coffelt"). All of these declarations allege the same or similar facts based on the personal knowledge of the declarants: Garcia, Wilkerson, Douglas, and Coffelt are all Technicians or FSMs who performed similar work for Moorehead and were paid on a piecework basis without being paid overtime for work performed over forty hours per week, including time spent traveling for jobs and attending cancelled jobs. While these assertions, based on personal

knowledge, are sufficient to make out the modest factual showing that Plaintiffs were victims of a common policy or plan of Moorehead that violated the law, there is more.

Moorehead's own admissions and submissions further substantiate the record. Jason Miller ("Miller"), Moorehead's Satellite Installation Manager, confirmed that both FSMs and Technicians visit customer homes to install and service DISH Network satellite systems and related equipment [DE 21-1 at ¶¶ 4, 7]. Miller also affirmed that both Technicians and FSMs report to him, travel to different work sites in company vehicles to perform services, and are compensated on a piece-rate basis (at least prior to August 25, 2012) [DE 21-1 at ¶¶ 9, 14, 17]. After August 25, 2012, Moorehead revised the pay structure from a piece-rate to an hourly rate, plus commission, efficiency, and productivity bonuses, as well as overtime compensation for hours worked over forty in a work week [DE 21-1 at ¶ 19]. Finally, Moorehead admits in its Answer to the Complaint that Garcia and Wilkerson are "employees" of Moorehead under the FLSA, Moorehead is an "employer" under the meaning of the FLSA, Moorehead has employed other Technicians and FSMs during the applicable period, and Moorehead did not pay Garcia, Wilkerson, and other Technicians and FSMs overtime for hours worked beyond forty hours per week [DE 16 at ¶¶ 6, 7, 19, 20, 40, 41].

Clearly, Moorehead's admissions, along with the Plaintiffs' declarations, provide more than enough evidence sufficient to make the requisite factual showing for purposes of conditional certification that Garcia, Wilkerson, and similarly situated Technicians and FSMs were subject to Moorehead's common policy or plan to violate the FLSA—or more specifically, that Moorehead Technicians and FSMs were not paid overtime for hours actually worked above forty hours a week, on account of Moorehead's pre-August 25, 2012 piecework payment policy. Accordingly, given that the proposed collective action concerns similarly situated individuals

and common issues of fact and law, and given the Court's interest in judicial efficiency and avoiding inconsistent results in related matters, the Court finds that a factual showing sufficient to satisfy step one has been met by Plaintiffs.

**C.     The argument relative to individualized inquiries is premature**

The second step of the analysis occurs at the close of discovery when the defendant can move to dismiss certain opt-in plaintiffs or move to decertify the class in light of the record developed during discovery. *Biddings*, 2009 WL 2175584, at *3 (citing *Cameron-Grant v. Maxim Healthcare Servs, Inc.*, 347 F.3d 1240, 1243 n. 2 (11th Cir. 2003); *Hunter v. Sprint Corp.*, 346 F.Supp.2d 113, 117 (D.D.C. 2004); *Flores*, 289 F.Supp.2d at 1045).  At step two, the court must determine whether the plaintiffs who have opted into the lawsuit are, in fact, similarly situated to the representative plaintiff. *Id*.  If the court finds that any of them are not similarly situated to the representative plaintiff, they are dismissed from the lawsuit without prejudice. *Id.* (citation omitted).

For now, the Court need not proceed past the first step.  Garcia and Wilkerson have made the requisite "modest factual showing" that they and other FSMs and Technicians were alleged victims of a common policy or plan that violated the FLSA.  When a plaintiff makes a modest factual showing, notice and an opportunity to "opt-in" can be sent to those employees who are similarly situated to the named plaintiff. *Biddings*, 2009 WL 2175584, at *3 (citations omitted).

To the extent Moorehead argues that individual inquiries would be required to determine damages, this argument is without merit at the present moment.  To make this argument now, before discovery has been conducted, "puts the cart before the horse." *Boyd*, 2006 WL 1518987, at *5 (holding that plaintiffs need only make enough of a showing to justify notice at this point and that arguments surrounding individual inquiries can be decided after facts have been fleshed

out in discovery). Moreover, conditional class certification should not be barred because individual issues relative to calculating damages may arise. *See e.g.*, *In re Fedex Ground Package System, Inc.*, No. 3:05-MD-527-RLM (MDL-1700), 2006 WL 3755311 (N.D. Ind. Dec. 14, 2006) ("it has been commonly recognized that the necessity for calculation of damages on an individual basis should not preclude class determination when the common issues which determine liability predominate") (citation omitted). In this case, there are certainly common issues which predominate liability. Both Technicians and FSMs have worked pursuant to the same pay policy instituted by Moorehead, which did not include overtime pay for all hours worked over forty per week. Both FSMs and Technicians had substantially similar job duties and reported to the same manager, Mr. Jason Miller [DE 21-1 at ¶¶ 4, 7]. With more than a modest factual showing having been met by Plaintiffs, the action may proceed through discovery as a collective action.

**D.     Defendant needs to produce a list of current and former Technicians and FSMs**

Once conditional certification is granted, the plaintiff may seek an order from the court directing the defendant to furnish the plaintiffs with the identifying information of potential class members. *Woods*, 686 F.2d at 580. In addition, certain facts and circumstances dictate, for the purpose of necessity, that the court intervene in the notice process and expedite discovery of potential plaintiffs. *See Hoffman-La Roche*, 493 U.S. at 170 (discussing that the benefits of the judicial system depend on the "employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.").

In the instant case, the running of the statute of limitations places potential opt-in plaintiffs at risk of forever extinguishing any claims they might have against Moorehead. *See* 29

U.S.C. § 255(a) (indicating that a cause of action under the FLSA may be commenced within two years after it accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued). While the statute of limitations is tolled for Garcia and Wilkerson by the filing of their claim, potential plaintiffs are not afforded such a right. Therefore, it is necessary under these circumstances that within ten days of this Order Moorehead produce a list of names and addresses of all former and current Technicians and FSMs who worked for Moorehead any time from three years prior to the date of this Order, up to August 25, 2012, when Moorehead changed its pay policy.

Finally, the Court recognizes Plaintiffs have withdrawn their request for telephone numbers and e-mail addresses of perspective members of the collective class [DE 24 at 9], which was met with opposition by Defendant [DE 21 at 12-14]. Therefore, Moorehead need not furnish Plaintiff with the telephone numbers and e-mail addresses of the prospective members, but it shall provide the individual's full name, employee number, home address, job titles, and dates of employment.

### E.   Proposed Collective Action Notice and Consent Form

Once a collective action is conditionally approved, "the court has managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffmann-La Roche*, 493 U.S. at 170-71. In approving a notice to potential plaintiffs, the court must be careful not to create an apparent judicial sponsorship of the notice. *Id.* at 174; *Biddings*, 2009 WL 2175584, at *4.

Plaintiffs have fourteen days from the date of this Order to file their motion to approve the collective action notice and opt-in consent form. Counsel of record are required to confer before this deadline in order to prepare, to the extent possible, an agreeable notice and opt-in

case 1:12-cv-00208-JD-RBC   document 26   filed 08/19/13   page 15 of 16

consent form, so that any issues can be streamlined and notice can promptly be provided to the potential class members.  The Court would also encourage counsel to review and consider the forms approved by the undersigned in a previous FLSA collective action in case 4:10-cv-92 *Plantenga v. Wabash Valley Alliance, Inc.*, docket entries 24-1 and 24-2, as approved by court order located at docket entry 22.  Moorehead will have ten days to object to or supplement Plaintiffs' notice and consent form, to which Plaintiffs will then have five days to file any reply.

### III.  CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Certify Collective Action [DE 18] is CONDITIONALLY GRANTED, and the Court provisionally deems the FLSA claims as a collective action, and defines the conditionally approved collective class as follows:

> **Present and former Satellite Installer Technicians and Field Service Managers employed by Moorehead Communications, Inc. for any period of time from August 19, 2010 to August 25, 2012, and who have not been paid overtime wages for all time spent working beyond 40 hours per week.**

Garcia and Wilkerson shall conditionally serve as the class representatives of the conditionally certified collective class, and be represented by current counsel of record.

**The Court ORDERS the Defendant, Moorehead Communications, Inc., to provide Plaintiffs' counsel with a list in electronic format and within ten (10) days of this Order, which contains the names of all former and current Satellite Installer Technicians and Field Service Managers, who have worked during the time frame specified immediately above.**  The list shall include the individual's full name, employee number, home address, job titles, and dates of employment.  The information provided by Moorehead is to be given to Plaintiffs' counsel only, and may only be used as needed for this litigation.

**The Court further ORDERS Plaintiffs to file, after conferring with defense counsel, any supporting brief, the notice of collective action, and the opt-in consent form, within fourteen (14) days from the date of this Order.  Moorehead will have ten (10) days to object or supplement Plaintiffs' filings (to the extent necessary) and Plaintiffs will then have five (5) days to file any reply.**

    SO ORDERED.

    ENTERED:  August 19, 2013

                                             /s/ JON E. DEGUILIO
                                             Judge
                                             United States District Court