# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| ALEX GARCIA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:12-cv-208 |
| | ) | |
| MOOREHEAD COMMUNICATIONS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION and ORDER

A hearing was held today to address settlement and final certification of this conditionally certified collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (Docket # 66.) Counsel for Plaintiffs and counsel for Defendant Moorehead Communications, Inc., appeared in person.

As background, the twenty-one individual Plaintiffs are current or past employees of Moorehead. (Docket # 62.) In this action, they allege that Moorehead failed to pay them compensation owed for overtime, including travel to work sites. (Docket # 1.) On August 19, 2013, the Court entered an Order conditionally granting Plaintiffs' motion to certify the collective action. (Docket # 26.) In September 2014, the parties entered into a settlement agreement (the "Agreement"), and on October 17, 2014, the parties filed a joint motion seeking the Court's approval of that Agreement, acknowledging that settlement of claims under the FLSA requires court approval. (Docket # 59); *see Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994 (N.D. Ind. 2010).

As to final certification of the action, Moorehead stipulates that the Plaintiffs are similarly situated under 29 U.S.C. § 216(b). Having examined the record, the Court agrees, and the Joint

Motion for Final Certification of Conditionally Certified Collective Action (Docket # 62) is being granted via separate order.

With respect to settlement, counsel presented the Agreement to the Court for review at the hearing, and statements were heard and concluded concerning its terms. Counsel represented and agreed that the Agreement is fair and just to the parties. Counsel discussed the complexity, expense, and likely duration of the litigation; the class's response to the settlement; the risks with respect to establishing liability and damages; the reasonableness of the settlement fund in light of the best and lowest possible recovery; the release of claims required by the Plaintiffs; and the proportion of attorney's fees (33.3%) relative to the common fund. *See Burkholder*, 750 F. Supp. 2d at 995 (listing the factors that a court normally considers when reviewing a settlement of a FLSA collective action).

Specifically, counsel acknowledged that there are many ways to calculate the potential damages in this case, all of which rely upon various assumptions, and that at least one scenario results in less damages than that awarded under the Agreement. Both counsel represent that this case has required, and would require in the future, considerable amount of attorney time; and that based on the evidence at present, either party could win or lose if the case proceeds to trial. Plaintiffs' counsel has discussed the proposed settlement with several of the Plaintiffs, and no Plaintiff has expressed any criticism of the settlement. Plaintiffs' counsel further offered that the hourly rates of the three attorneys working on the case range from $300 and $400, and that the number of hours they have spent on the matter exceeds the amount of attorney's fees they will receive under the Agreement.

Having considered the pertinent factors, *id.*, the Court is persuaded that the Agreement

reflects a fair and reasonable compromise of the parties' dispute. The suit was filed in June 2012 and has proceeded for more than two years, allowing the parties considerable opportunity to engage in discovery, or at least informally exchange information sufficient to gain a fairly clear understanding of the nature of the case and the claims advanced by Plaintiffs. The parties' counsel have negotiated in good faith and at arm's length, and have concluded that the value of an immediate settlement concerning overtime wages outweighs the possibility of additional relief after lengthy, expensive litigation. The amounts received by the opt-in Plaintiffs, and the fee going to the named Plaintiffs (as set out in Addendum A to the Agreement), are fair, reasonable and adequate.

The attorney's fees awarded under the Agreement constitute 33.3% of the common fund, which is a proportion commonly approved by courts in FLSA collective actions. *See Campbell v. Advantage Sales & Mktg., LLC*, No. 1:09-cv-1430, 2012 WL 1424417, at *2 (S.D. Ind. Apr. 24, 2012) (collecting cases); *Burkholder*, 750 F. Supp. 2d at 997 (collecting cases). As alluded to earlier, Plaintiffs' counsel represents that this percentage amount is less than if the fee were determined under the lodestar method. *See Campbell*, 2012 WL 1424417, at *2 (stating that the court has discretion to use either a percentage method or lodestar method in common fund cases, but that the percentage method has "simplicity of administration"). Consequently, the Court will approve the Agreement, which is fair and reasonable in light of the risk and expense that further litigation would entail.

Therefore, the parties' joint motion for approval of the Agreement (Docket # 59) is

GRANTED.[1] The parties are DIRECTED to file on or before January 9, 2015, their stipulation of dismissal with prejudice, or show cause why they have failed to do so.

SO ORDERED.

Entered this 21st day of November 2014.

s/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] The parties, upon joint motion by counsel at the hearing, moved to withdraw the subsequently-filed joint motion for settlement approval (Docket # 63) and joint motion to seal (Docket # 64). Therefore, the Clerk is DIRECTED to show these two motions WITHDRAWN by the parties.